IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Traci Albertson, | ) | Case No. 2:26-cv-00156-JDA-MGB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Greenville County Detention Center, | ) | |
| Greenville County, Sgt. Veronica | ) | |
| Crouch, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 5.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On March 6, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' motion to dismiss. [Doc. 11.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections and the serious consequences if they failed to do so. [*Id*. at 13.] Defendants Greenville County and Sergeant Vernetta Crouch ("Objecting Defendants") filed objections to the Report on March 20, 2026. [Doc. 12.] For the reasons stated herein, the Court accepts in part and rejects in part the Report of the Magistrate Judge.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976).  The Court is charged with making a de novo determination of only those portions

of the Report that have been specifically objected to, and the Court may accept, reject,

or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review

the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial*

*Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must

only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge accurately summarized Plaintiff's allegations as follows:

> This civil action arises out of Plaintiff's treatment while in the custody of Defendant Greenville County Detention Center ("GCDC").  Plaintiff alleges that on or about February 6, 2025, she "suffered a stroke, a serious medical emergency requiring immediate medical attention."  "Despite exhibiting clear symptoms of a stroke, Plaintiff did not receive any medical care for four days following the onset of these symptoms.  After four days, she was transported to Greenville Memorial hospital.  Plaintiff alleges her "condition significantly worsened" as a result of the delay in treatment.  Plaintiff alleges she was hospitalized for 14 days, her left leg and left arm were in a state of paralysis, her speech was significantly diminished, and she lost all use of her left hand.
>
> Plaintiff returned to GCDC following her discharge from the hospital.  According to Plaintiff, when she was discharged, her "treating physician prescribed physical therapy as a necessary component of recovery in order to regain any meaningful use of left extremities."  Plaintiff alleges GCDC "refused to provide this treatment."  Plaintiff alleges "Defendants'" foregoing conduct has caused her to suffer "unnecessary pain, prolonged recovery time, and [she] is at risk of permanent disability."  Plaintiff further alleges that when she "was ultimately brought to court for a plea hearing, she was told there was no capacity to transport her in her

> wheelchair and bystanders offered to drag her into the transport van."
>
> The Complaint alleges a § 1983 claim for "deliberate indifference to serious medical needs . . . against all defendants"; a negligence claim "against all defendants"; a medical malpractice claim against Defendants GCDC and Sgt. Crouch; and a claim for violation of the Americans with Disabilities Act ("ADA") against Defendants GCDC and Greenville County.  Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief.

[Doc. 11 at 1–2 (citations omitted).]

The action was removed to this Court from the Greenville County Court of Common Pleas on January 15, 2026.  [Doc. 1.]  On January 22, 2026, Defendants filed a motion to dismiss the Complaint.  [Doc. 5.]  Plaintiff filed a response on February 5, 2026 [Doc. 9], and Defendants filed a reply on February 11, 2026 [Doc. 10].

On March 6, 2026, the Magistrate Judge issued a Report recommending that the Court grant Defendants' motion to dismiss. [Doc. 11.]  As an initial matter, the Magistrate Judge recommends dismissing (1) Plaintiff's § 1983 claim against GCDC, (2) Plaintiff's claims for negligence and medical malpractice, and (3) Plaintiff's ADA claim against Greenville County "[b]ased on Plaintiff's . . . express consent and her failure to meaningfully address her ADA claim against Greenville County."  [*Id.* at 4.]  Regarding Plaintiff's ADA claim against GCDC, the Magistrate Judge reasoned that "the proper defendant . . . [is] the Greenville County Sheriff's Office or the Sheriff of the Greenville County Sheriff's Office in his official capacity . . . ."  [*Id.* at 6.]  Regarding Plaintiff's § 1983 claim against Greenville County, the Magistrate Judge concluded that "the Complaint is entirely devoid of any allegation that a policy or custom of Greenville County resulted in the alleged violation of Plaintiff's constitutional rights."  [*Id.* at 7.]  Finally, regarding

3

Plaintiff's § 1983 claim against Crouch, the Magistrate Judge concluded that "the Complaint fails to allege any personal involvement of [Crouch] in the alleged violation of Plaintiff's constitutional rights."  [*Id.* at 11.]

### DISCUSSION[1]

Objecting Defendants do not dispute the Magistrate Judge's ultimate recommendation of dismissal of the Complaint without prejudice.  [*See generally* Doc. 12.]  Rather, Objecting Defendants argue only that the Magistrate Judge erred in concluding that the Greenville County Sheriff's Office is the proper defendant for Plaintiff's ADA claim.  [*Id.*]  Objecting Defendants argue that, under the authority of South Carolina Code § 24-5-12,[2] the Greenville County Sheriff transferred custody and control of the Greenville County jail to Greenville County and that, consequently, "there are no cases where the Sheriff of Greenville County has been held responsible for the acts of GCDC employees."  [Doc. 12 at 2–3.]

The Court agrees with Objecting Defendants.  To this end, the Court finds *Workman v. Greenville County Council*, No. 6:17-cv-02846-RBH, 2018 WL 1912769 (D.S.C. Apr. 23, 2018), unpersuasive.  [*See* Doc. 11 at 6.]  In *Workman*, the court concluded that "the sheriff of Greenville County—not Greenville County . . .—is responsible for operating the Greenville County Detention Center where [the plaintiff] is

---

[1] The Magistrate Judge accurately summarized the relevant legal standards pertaining to motions to dismiss.  [*See* Doc. 11 at 3.]  Accordingly, the Court incorporates these portions of the Report and does not repeat them.

[2] South Carolina Code § 24-5-12 states that, "[n]otwithstanding the provisions of Section 24-5-10 [providing that the county sheriff has custody and control of the county jail] . . ., the sheriff of any county may . . . devolve all of his powers and duties relating to the custody of the county jail and the appointment of a facility manager on the governing body of the county . . . ."

4

detained." *Workman*, 2018 WL 1912769, at *3. However, the plaintiff "made no allegations calling into question the existence and applicability of [South Carolina Code § 24–5–10] to his claims" and, consequently, the court did not discuss the potential application of § 24-5-12. *Id.* Further, the other cases referenced by the Magistrate Judge in support of her conclusion—*Crouchman v. Pickens County Council,* No. 9:16-cv-0804-CMC-BM, 2017 WL 767185 (D.S.C. Feb. 3, 2017), *Report and Recommendation adopted by* 2017 WL 749393 (D.S.C. Feb. 27, 2017); *Cobb v. South Carolina*, No. 13-2370, 2014 WL 4220423 (D.S.C. Aug. 25, 2014); and *Bell v. Dobey,* No. 6:07-3652 DCN, 2009 WL 1010482 (D.S.C. Apr. 14, 2009)—do not discuss claims against GCDC, the Greenville County Sheriff's Office, or Greenville County specifically. [*See* Doc. 11 at 6.] Further, the Fourth Circuit concluded in a case similar to the one at bar that, because a county sheriff previously devolved supervisory authority over the county jail and its personnel to the county government, the plaintiff could not recover on any theory advanced in the complaint against the county sheriff's office. *Carraway v. Debruhl*, No. 92-1665, 1993 WL 136983, at *2 (4th Cir. Apr. 30, 1993) ("It . . . is undisputed that before 1987, in accord with S.C. Code Ann. § 24-5-12, the Kershaw County Sheriff had devolved official responsibility for operation of the county jail to the governing body of Kershaw County. The jail was housed in facilities independent of the Sheriff's office, and was operated by a jail administrator and staff employed and controlled by the Kershaw County Manager and the Kershaw County Council."). Accordingly, the Court concludes that the proper defendant to Plaintiff's ADA claim is Greenville County, not GCDC or the Greenville County Sheriff's Office. [*See* Doc. 12 at 2–3 (collecting documents and cases demonstrating that Greenville County is the entity in control of GCDC)].

5

The Magistrate Judge recommends dismissing Plaintiff's ADA claim against Greenville County because Plaintiff failed to meaningfully address that claim in her response to Defendants' motion to dismiss.  [Doc. 11 at 4.]  However, this recommendation is clearly erroneous in light of the Fourth Circuit's recent opinion in *Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 219 (4th Cir. 2026) (holding that failing to oppose a Rule 12(b)(6) motion is not a sufficient ground for a court's concluding that a complaint fails to state a claim upon which relief can be granted and that Rule 12(b)(6) does not authorize default relief for failure to respond); *see id.* at 221 ("Because Rule 12(b)(6) specifies no other ground for granting a motion to dismiss, it follows that it can be granted *only if* the complaint on its face fails to state a plausible claim upon which relief can be granted.").  Accordingly, the Court rejects the Magistrate Judge's recommendation regarding dismissal of Plaintiff's ADA claim against Greenville County and recommits that claim to the Magistrate Judge to address the sufficiency of Plaintiff's allegations.

The Magistrate Judge recommends dismissing Plaintiff's § 1983 claim against GCDC due to Plaintiff's "express consent."  [Doc. 11 at 3–4 & 3 n.1.]  The Court accepts this recommendation because Plaintiff concedes that GCDC is not a separate legal entity that can be sued under § 1983.  [*See* Doc. 9 at 2.]

The Magistrate Judge also recommends dismissing Plaintiff's claims for negligence and medical malpractice due to Plaintiff's "express consent." [Doc. 11 at 4.] This recommendation is clearly erroneous. As an initial matter, Plaintiff does not actually appear to consent to the wholesale dismissal of her negligence and medical malpractice claims. [*Compare* Doc. 9 at 10 (stating "Plaintiff concedes to arguments regarding negligence claims"), *to id.* at 8 (arguing that "Defendant Crouch's conduct establishes direct individual liability under . . . state negligence principles[] and medical malpractice standards").] Further, for the same reasons stated above, *see Guzman*, 167 F.4th at 219, the Court cannot dismiss these claims simply because Plaintiff does not meaningfully oppose dismissal. Accordingly, the Court recommits Plaintiff's negligence and medical malpractice claims to the Magistrate Judge to address the sufficiency of Plaintiff's allegations.

With respect to the Magistrate Judge's remaining recommendations, the Court has reviewed the Report, the record, and the applicable law for clear error. Finding none, the Court accepts those recommendations and incorporates them by reference to the extent consistent with this Order.

## CONCLUSION

Based upon the foregoing, the Court ACCEPTS IN PART and REJECTS IN PART the Report and Recommendation of the Magistrate Judge. The Court ACCEPTS the Report's conclusions regarding Plaintiff's § 1983 claims against GCDC, Greenville County, and Sgt. Crouch and her ADA claim against GCDC to the extent consistent with this Order. Plaintiff's § 1983 and ADA claims against GCDC are DISMISSED with

prejudice.  Her § 1983 claims against Greenville County and Sgt. Crouch are DISMISSED without prejudice.

The Court REJECTS the Report's conclusions and recommendations regarding Plaintiff's ADA claim against Greenville County, her negligence claim, and her medical malpractice claim.  The Court recommits these claims to the Magistrate Judge to assess their sufficiency under Rule 12(b)(6).

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 13, 2026
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.