IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Traci Albertson, | C/A No. 2:26-CV-00156-JDA-MGB |
| PLAINTIFF, | |
| v. | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |
| Greenville County Detention Center, Greenville County, Sgt. Veronica Crouch, | |
| DEFENDANTS. | |

Plaintiff Traci Albertson ("Plaintiff"), through counsel, brings this civil action alleging causes of action under 42 U.S.C. § 1983 and state law.[1] (Dkt. No. 1-1.) Before the Court is Defendants' Motion to Dismiss. (Dkt. No. 5.) In accordance with the District Judge's directives in the August 13, 2026 Order (Dkt. No. 14), the undersigned issues this supplemental Report and Recommendation ("R&R") regarding Plaintiff's ADA claim against Greenville County, her negligence claim, and her medical malpractice claim. For the reasons set forth below, the undersigned recommends Defendants' Motion be granted.

## <u>BACKGROUND</u>

This civil action arises out of Plaintiff's treatment while in the custody of Defendant Greenville County Detention Center ("GCDC"). (Dkt. No. 1-1.) Plaintiff alleges that on or about February 6, 2025, she "suffered a stroke, a serious medical emergency requiring immediate medical attention." (*Id.* at 4.) "Despite exhibiting clear symptoms of a stroke, Plaintiff did not receive any medical care for four days following the onset of these symptoms." (*Id.*) After four

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

days, she was transported to Greenville Memorial hospital. (*Id.*) Plaintiff alleges her "condition significantly worsened" as a result of the delay in treatment. (*Id.*) Plaintiff alleges she was hospitalized for 14 days, her left leg and left arm were in a state of paralysis, her speech was significantly diminished, and she lost all use of her left hand. (*Id.*)

Plaintiff returned to GCDC following her discharge from the hospital. According to Plaintiff, when she was discharged, her "treating physician prescribed physical therapy as a necessary component of recovery in order to regain any meaningful use of left extremities." (*Id.* at 5.) Plaintiff alleges GCDC "refused to provide this treatment." (*Id.*) Plaintiff alleges "Defendants'" foregoing conduct has caused her to suffer "unnecessary pain, prolonged recovery time, and [she] is at risk of permanent disability." (*Id.*) Plaintiff further alleges that when she "was ultimately brought to court for a plea hearing, she was told there was no capacity to transport her in her wheelchair and bystanders offered to drag her into the transport van." (*Id.*)

The Complaint alleges a § 1983 claim for "deliberate indifference to serious medical needs . . . against all defendants"; a negligence claim "against all defendants"; a medical malpractice claim against Defendants GCDC and Sgt. Crouch; and a claim for violation of the Americans with Disabilities Act ("ADA") against Defendants GCDC and Greenville County. (*Id.* at 5–9.) Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. (*Id.* at 9.)

This action was removed to federal court from the Court of Common Pleas for Greenville County on January 15, 2026. (Dkt. No. 1.) On January 22, 2026, Defendants filed a Motion to Dismiss. (Dkt. No. 5.) Plaintiff filed a response in opposition on February 5, 2026 (Dkt. No. 9), to which Defendants replied on February 11, 2026 (Dkt. No. 10). On March 6, 2026, the undersigned issued a R&R recommending Defendants' motion be granted and this action be dismissed with

prejudice. (Dkt. No. 11.) On August 13, 2026, the District Judge issued an Order accepting in part and rejecting in part the R&R as follows:

> The Court ACCEPTS the Report's conclusions regarding Plaintiff's § 1983 claims against GCDC, Greenville County, and Sgt. Crouch and her ADA claim against GCDC to the extent consistent with this Order. Plaintiff's § 1983 and ADA claims against GCDC are DISMISSED with prejudice. Her § 1983 claims against Greenville County and Sgt. Crouch are DISMISSED without prejudice. The Court REJECTS the Report's conclusions and recommendations regarding Plaintiff's ADA claim against Greenville County, her negligence claim, and her medical malpractice claim. The Court recommits these claims to the Magistrate Judge to assess their sufficiency under Rule 12(b)(6).

(*Id*. at 7–8.)

In accordance with the District Judge's Order, the undersigned considers Plaintiff's ADA claim against Greenville County, her negligence claim, and her medical malpractice claim.

**<u>STANDARD OF REVIEW</u>**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Below, the undersigned considers Plaintiff's ADA claim against Greenville County, her negligence claim, and her medical malpractice claim.

### A. ADA Claim against Greenville County

As discussed above, Plaintiff alleges a claim against Greenville County for violation of the ADA.[2] (Dkt. No. 1-1 at 8–9.) Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff "must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ*., 411 F.3d 474, 498 (4th Cir. 2005).

Specific to the ADA claim, the Complaint alleges that Plaintiff's "stroke and resulting physical limitations constitute a disability under the [ADA]," and that she "was excluded from participating in or denied the benefits of a public entity's services, programs, or activities . . . by reason of Plaintiff's disability." (Dkt. No. 1-1 at 8.) According to the Complaint, "Defendants . . . denied Plaintiff access to necessary medical services by refusing to provide prescribed physical therapy" and "Plaintiff was denied the dignity of being transported to court and was dragged into a transport van by other inmates." (*Id.*) The factual background of the Complaint provides more context to these allegations. It alleges that upon Plaintiff's discharge from the hospital, her

[2] The Court has already dismissed Plaintiff's claim against GCDC for violation of the ADA. (*See* Dkt. No. 14.)

"treating physician prescribed physical therapy as a necessary component of recovery in order to retain any meaningful use of left extremities," and GCDC "refused to provide this treatment." (*Id.* at 5.) The Complaint further alleges that "[w]hen Plaintiff was ultimately brought to court for a plea hearing, she was told there was no capacity to transport her in her wheelchair and bystanders offered to drag her into the transport van." (*Id.*)

In their Motion to Dismiss, Defendants contend that Plaintiff's alleged denial of physical therapy "is a challenge to the adequacy of her medical care" and that the Complaint "contains no factual allegations suggesting that the alleged failure to provide physical therapy or the difficulties during transportation were motivated by her disability or that she was treated differently than non-disabled detainees." (Dkt. No. 5-1 at 10.) Defendants argue that the ADA claim should be dismissed because the Complaint lacks the requisite "allegation of discriminatory intent or a failure to provide a reasonable accommodation that is distinct from a request for better medical care." (Dkt. No. 5-1 at 10.)

In response, Plaintiff does not mention the alleged denial of physical therapy as supporting her ADA claim. Rather, she argues that "GCDC's failure to provide Plaintiff with a wheelchair represents a fundamental violation of the ADA's auxiliary requirements" and "GCDC's failure to provide aids for showering demonstrates a systematic disregard for Plaintiff's dignity and safety while denying equal access to basic hygiene facilities." (Dkt. No. 9 at 4.) However, the Complaint does not mention Plaintiff's ability to shower at GCDC or otherwise indicate any issue with Plaintiff's access to "aids for showering." (*See generally* Dkt. No. 1-1.)

Upon review, the undersigned finds Plaintiff has failed to allege a claim under the ADA. Her alleged failure to receive physical therapy while at GCDC, without plausible discriminatory

intent, does not state a claim under the ADA. *See Miller v. Hinton*, 288 F. App'x 901, 903 (4th Cir. 2008) (noting "that the ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" absent discrimination (internal quotation marks omitted)); *Davis v. Keller*, No. 7:23-cv-00593, 2024 WL 4326544, at *8 (W.D. Va. Sept. 27, 2024) ("[T]his court and others in this circuit have held that 'the ADA cannot be used to assert a claim of inadequate medical care.'") (quoting *Baxley v. Jividen*, 508 F. Supp. 3d 28, 62 (S.D.W. Va. 2020) and collecting cases); *McCoy v. Stouffer*, No. WDQ-10-cv-1583, 2013 WL 4451079, at *17 n.10 (D. Md. Aug. 15, 2013) (finding "a prisoner may not state a claim under the ADA . . . for a lack of medical treatment") (collecting cases); *see also Evans v. Jaylin's Props., LLC*, No. 3:25-cv-12074-JFA-SVH, 2025 WL 2918136, at *8 (D.S.C. Sept. 11, 2025) (summarily dismissing ADA claim "as conclusory and unsupported), *adopted by*, 2025 WL 2779185 (D.S.C. Sept. 30, 2025).

Likewise, the Complaint does not plausibly suggest that Plaintiff was denied access to a wheelchair-ready van because she was disabled. Rather, by Plaintiff's own account, this issue arose on one occasion because "there was no capacity to transport her in her wheelchair." (Dkt. No. 1-1 at 5); *see Shumate v. Crawford*, No. 7:23-cv-00199, 2025 WL 618867, at *3 (W.D. Va. Feb. 26, 2025) ("The mere inconvenience that Shumate experienced—climbing in and out of the van instead of remaining in his wheelchair, as he might have done if a specially equipped vehicle had been available—does not rise to the level of discrimination under the ADA"). Based on the foregoing, the undersigned recommends Defendant Greenville County is entitled to dismissal of Plaintiff's ADA claim.

**B. Claims for Negligence and Medical Malpractice**

**1. Standards and Arguments**

The Complaint also alleges a claim for negligence against "all defendants" and a claim for medical malpractice against "[GCDC] and SGT Crouch." (Dkt. No. 1-1 at 6–8.) To maintain an action for negligence, "a plaintiff must show: (1) the defendant owes a duty of care to the plaintiff; (2) the defendant breached that duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages." *Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016) (citation omitted). Although not every injury sustained by a patient in a medical facility or while receiving medical treatment results from medical malpractice, where a claim for negligence is brought specifically with regard to the type of medical care or treatment received, it is appropriately construed as a claim for medical malpractice. *Dawkins v. Union Hosp. Dist*., 758 S.E.2d 501, 504 (S.C. 2014). Medical malpractice is defined by law as "doing that which the reasonably prudent health care provider or heath care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances. S.C. Code Ann. § 15-32-210(8). To prevail in a claim for medical malpractice under South Carolina law, a plaintiff must prove the following by a preponderance of the evidence:

> (1) The presence of a doctor-patient relationship between the parties;
>
> (2) Recognized and generally accepted standards, practices and procedures which are exercised by competent physicians in the same branch of medicine under similar circumstances;
>
> (3) The medical or health professional's negligence, deviating from generally accepted standards, practices, and procedures;
>
> (4) Such negligence being the proximate cause of the plaintiff's injury; and

(5) An injury to the plaintiff.

*Jamison v. Hilton*, 775 S.E.2d 58, 62 (S.C. Ct. App. 2015) (quoting *Brouwer v. Sisters of Charity Providence Hosps*., 763 S.E.2d 200, 203 (S.C. 2014)).

In their Motion, Defendants argue that because "the Complaint lacks factual allegations showing that Defendant Crouch personally participated in or authorized the specific deprivations of rights alleged, Plaintiff's claims against Defendant Crouch for deliberate indifference, common law negligence and medical malpractice must be dismissed." (Dkt. No. 5-1 at 7.) According to Defendants, "Plaintiff alleges that Defendant Crouch is a Sergeant but somehow also a member of GCDC's medical staff," and "Plaintiff does not allege that Defendant Crouch had any direct personal involvement in Plaintiff's medical care." (*Id.*) Defendants further assert that Plaintiff's claim of simple negligence is barred under the SCTCA. (*Id*. at 7–8.) In response, Plaintiff states that "Defendant Crouch's conduct establishes direct individual liability under federal civil rights law, state negligence principles, and the medical malpractice standards."[3] (Dkt. No. 9 at 8.) However, she devotes her entire argument here to the violation of her constitutional rights, and she later states that she "concedes to arguments regarding negligence claims." (*Id*. at 8–10.)

**2. Analysis of Negligence Claim**

As an initial matter, Plaintiff's simple negligence claim is indeed barred under the SCTCA. The SCTCA "is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." *Wells v. City of Lynchburg*, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998) (internal quotation marks and citation

[3] As noted above, the Court has already dismissed Plaintiff's § 1983 claims for violation of her constitutional rights. (Dkt. No. 14.)

omitted); *see* S.C. Code Ann. § 15-78-200 ("Notwithstanding any provision of law, this chapter, the 'South Carolina Tort Claims Act', is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty"). The SCTCA waives "sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." *Proctor v. Dep't of Health & Envtl. Control*, 628 S.E.2d 496, 502 (S.C. Ct. App. 2006) (referencing *Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 739 (S.C. Ct. App. 2001).

The SCTCA's explicit exceptions to waiver of immunity include that "a governmental entity is not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25). Courts in this district have routinely found that, "as it relates to the 'supervision, protection, control, confinement, or custody'" of an individual, S.C. Code Ann. § 15-78-60(25) bars any simple negligence claim. *S.H. Bd. of Trustees of Colleton Cty. Sch. Dist.*, No. 2:22-cv-243-RMG, 2022 WL 2276575, at *6 (D.S.C. June 22, 2022); *see also McDowell v. S.C. Dep't of Pub. Safety*, No. 4:23-cv-00220-JD-KDW, 2024 WL 4486618, at *17 (D.S.C. July 30, 2024) (recommending simple negligence claim is barred under S.C. Code Ann. § 15-78-60(25)), *adopted by*, 2024 WL 4036833 (D.S.C. Sept. 4, 2024). Because the Complaint alleges only simple negligence (*see* Dkt. No. 1-1 at 6–7.), the undersigned recommends this claim should be dismissed in its entirety.

**3. Analysis of Medical Malpractice Claim**

Turning to Plaintiff's medical malpractice claim, the Complaint alleges that "[a] physician-patient relationship existed between Plaintiff and the medical staff at [GCDC]," and that "[as] an inmate of [GCDC], Plaintiff was under the medical care of the facilities medical staff, including Defendant SGT. Crouch." (Dkt. No. 1-1 at 7.) According to the Complaint, "[t]he standard of care required prompt evaluation and treatment of stroke symptoms," and the "generally recognized and accepted medical practice for patients exhibiting stroke symptoms is to provide immediate medical evaluation and treatment." (*Id.*) The Complaint alleges that "Sgt. Crouch observed Plaintiff in her cell unable to move readily and respond verbally without impairment and took no further action," and "Defendants deviated from the standard of care by failing to provide any medical treatment for Plaintiff's stroke for four days and by refusing to provide prescribed physical therapy." (*Id.*)

Upon review, the undersigned cannot find Plaintiff has pled a medical malpractice claim against Defendant Crouch, given that her only alleged involvement was in failing to obtain timely medical care for Plaintiff. *See Henderson v. United States*, No. 5:21-cv-3249-JD-KDW, 2022 WL 5434255 (D.S.C. July 18, 2022) (finding a plaintiff did not allege malpractice where he "generally allege[d] that correctional staff failed to intervene and respond in a timely manner to render aid . . . [but did] not allege any independent injury incurred in the actual rendering of medical care"), *adopted as modified*, 2022 WL 4354370 (D.S.C. Sept. 20, 2022). While Plaintiff also brings this claim against GCDC, the GCDC is not a proper Defendant here because this facility is operated by Greenville County and staffed by County employees. *See Sims v. Greenville Cnty.*, 2000 WL 380122, at *2–*4 (4th Cir. April 14, 2000) (reviewing claims against Greenville County

concerning the County's policies regarding GCDC and the County's training of GCDC officers).[4] Based on the foregoing, the undersigned recommends that Defendants GCDC and Sgt. Crouch are entitled to dismissal of Plaintiff's medical malpractice claim.

Alternatively, if the District Judge finds that any of Plaintiff's state law claims should survive dismissal, the undersigned recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand those claims to Greenville County. *See*, *e,g.*, *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) ("'Generally, when a district court dismisses all federal claims in the early stages of litigation'—e.g., at the summary-judgment stage—'it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice.'" (quoting *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018))); *Johnson v. Ozmint*, No. 9:08-cv-0431-PMD-BM, 2009 WL 252152, at *6 (D.S.C. Feb. 2, 2009) (dismissing federal claims and noting, "With respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims . . . .").

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Dkt. No. 5) be GRANTED and Plaintiff's ADA claim against Greenville County, as well her claims for negligence and medical malpractice be dismissed without prejudice.

**IT IS SO RECOMMENDED.**

---

[4] "The Greenville County Detention Center is a division of the Greenville County Department of Public Safety." *Detention Center: A Division of Public Safety*, Greenville County, https://www.greenvillecounty.org/DetentionCenter/ (last visited August 18, 2026).

August 19, 2026

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).