IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Traci Albertson,<br>Plaintiff,<br><br>v.<br><br>Greenville County Detention Center, Greenville County, Sgt. Veronica Crouch,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-00156-JDA-MGB<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 5.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On March 6, 2026, the Magistrate Judge issued a Report and Recommendation (the "First Report ") recommending that the Court grant Defendants' motion to dismiss in full. [Doc. 11.] On August 13, 2026, the Court issued an Order accepting in part and rejecting in part the First Report. [Doc. 14.] Relevant here, the Court recommitted Plaintiff's ADA claim against Greenville County, negligence claim, and medical malpractice claim to the Magistrate Judge to assess their sufficiency under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*Id.*] On August 19, 2026, the Magistrate Judge issued a supplemental Report and Recommendation (the "Second Report") recommending that the Court dismiss Plaintiff's remaining claims without prejudice. [Doc. 15.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Second Report and the serious consequences if they failed to

do so. [*Id.* at 13.] Neither party has filed objections to the Second Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Second Report of the Magistrate Judge for clear error. Having done so, the Court accepts the supplemental Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion to dismiss [Doc. 5] is GRANTED, and Plaintiff's remaining claims are DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 4, 2026
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.